SPERTUS, LANDES & UMHOFER, LLP
James W. Spertus (SBN 159825)
John Hanusz (SBN 277367)
Christa L. Culver Wasserman (SBN 289128)
1990 South Bundy Drive, Suite 705
Los Angeles, California 90025
Telephone: (310) 826-4700
Facsimile: (310) 826-4711
jspertus@spertuslaw.com
jhanusz@spertuslaw.com
cwasserman@spertuslaw.com

Attorneys for Defendant
YI-CHI SHIH, PH.D.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>         v.<br><br>YI-CHI SHIH, PH.D.,<br>ISHIANG SHIH, PH.D., and<br>KIET MAI,<br><br>                    Defendants. | Case No. CR 18-00050-JAK<br><br>**RESPONSE IN OPPOSITION TO GOVERNMENT MOTION IN LIMINE NO. 6 FOR PRETRIAL DETERMINATION REGARDING THE ADMISSIBILITY OF DOCUMENTS (Dkt. No. 311)** |

OPPOSITION TO GOVERNMENT MOTION IN LIMINE NO. 6

# RESPONSE IN OPPOSITION TO MOTION IN LIMINE NO. 6

## I. INTRODUCTION

The government seeks a pretrial ruling on the admissibility of (1) uncertified bank statements allegedly found on Dr. Shih's computer, and (2) uncertified bank statements provided by Judy Chen, one of the government's trial witnesses. Contrary to the government's assertions, the documents are not adoptive admissions and do not satisfy the requirements of the residual hearsay exception. Although the government claims that the financial institutions at issue (both of which are based in the United Kingdom and have branches in the United States) are beyond its subpoena power, the government provides no support for that claim and has not detailed any effort taken to subpoena the records from the institutions. The Court should reject the government's efforts to make an end-run around the applicable evidentiary rules and deny the motion in its entirety.

## II. ANALYSIS

### A. The Bank Records Are Not Adoptive Admissions

The government argues that the bank records allegedly retrieved from Dr. Shih's computer are adoptive admissions under Federal Rule of Evidence 801(d)(2)(B). (Motion at 5-7.) The rule allows for the admission of a statement that a party "manifested or it adopted or believed to be true." Fed. R. Evid. 801(d)(2)(B). Mere possession of a document, however, does not suffice to admit documents under this rule. *United States v. Ordonez*, 737 F.2d 793, 800-01 (9th Cir. 1983) (holding that ledgers on premises used in drug trafficking near point of arrest were not shown to have been adopted). Although Rule 801 may be used to admit records as adoptive admissions where other corroborative facts are present, those facts are not present here. Moreover, the cases cited by the government do not support the application of this rule in this case.

1

OPPOSITION TO GOVERNMENT MOTION IN LIMINE NO. 6

In *United States v. Carrillo*, the Ninth Circuit upheld the admission of documents relating to a drug transaction found on the defendant's person under Rule 801(d)(2)(B). 16 F.3d 1046 (9th Cir. 1994). Central to the court's analysis, however, was the fact that the defendant had actually negotiated a drug deal consistent with the information found on the documents. *Id.* at 1049 ("Benavidez manifested adoption of the statement . . . by possessing the slip of paper and negotiating sale prices and quantities for cocaine that were consistent with the figures on the slip of paper.").

Similarly, in *United States v. Ospina*, another case cited by the government, the document in question (also relating to a drug transaction) contained an address where drugs connected to the defendant were transferred. 739 F.3d 448 (9th Cir. 1984). The court found the document admissible as an adoptive admission because the evidence demonstrated that the defendant "act[ed] on written instructions" and "the instructions [were] found in his possession." *Id.* at 451.

The facts here are easily distinguishable from the cases cited by the government. First, although the government alleges that the records were found in a particular folder on a computer, the government cites no evidence that Dr. Shih placed these records in this folder or even knew of the existence of the records on the computer. The government cites no case to support its novel theory that the mere existence of a document on a computer constitutes an adoptive admission. Even assuming *arguendo* that Dr. Shih possessed the documents, it is clear that Rule 801 does not apply to mere possession. Second, there is no evidence that Dr. Shih acted "on any written instructions" which would provide the corroboration needed for these records to qualify as adoptive admissions under *Carrillo* and *Ospina*. As a result, the Court should find that the records do not qualify as adoptive admissions under Rule 801.

2

OPPOSITION TO GOVERNMENT MOTION IN LIMINE NO. 6

**B.     The Residual Hearsay Exception Does Not Apply to the Bank Records**

Alternatively, the government argues that the bank records allegedly recovered from Dr. Shih's computer, as well as bank records provided to the government by Judy Chen, a government witness, are admissible under Rule 807, the residual hearsay exception.  (Mot. at 7-9.)  They are not.

The residual exception "is not to be used as a new and broad hearsay exception, but rather is to be used rarely and in exceptional circumstances." *United States v. Valdez-Soto*, 31 F.3d 1467, 1477 (9th Cir. 1994) (citation and quotation omitted) (refusing to admit evidence under the residual exception). The residual exception is "to be used only rarely, and in exceptional circumstances" and "appl[ies] only when certain exceptional guarantees of trustworthiness exist and when high degrees of probativeness and necessity are present."  *United States v. Bailey*, 581 F.2d 341, 347 (3d Cir. 1978); *accord United States v. Turner*, 718 F.3d 226, 233 (3d Cir. 2013).  The evidence must be "more probative than any other evidence that the proponent can procure through reasonable efforts."  *United States v. Perlmutter*, 693 F.2d 1290, 1294 (9th Cir. 1982) (evidence improperly admitted under residual exception; "there is nothing in the record to indicate that through reasonable efforts the government could not procure more probative evidence"); *see also Demirchyan v. Gonzales*, No. CV08-3452-SVW, 2010 WL 3521784, *10-11 (C.D. Cal. Sept. 8, 2010) (evidence offered did not satisfy residual exception).

The government avers that it is "currently unable to provide certified copies of these same bank records, as the accounts in question are held with foreign financial institutions outside the subpoena power of the United States." (Mot. at 8.)  This is incorrect.  The financial institutions are based in the United Kingdom and have branches in the United States.  As such, they are undoubtedly within "the subpoena power of the United States."  In fact, in 2018, the Department of Justice reached a deferred prosecution with HSBC, one of the

3

OPPOSITION TO GOVERNMENT MOTION IN LIMINE NO. 6

financial institutions at issue here, and issued a press release trumpeting the agreement. Press Release, Department of Justice, HSBC Holdings Plc Agrees to Pay More Than $100 Million to Resolve Fraud Charges (Jan. 18, 2018), available at https://www.justice.gov/opa/pr/hsbc-holdings-plc-agrees-pay-more-100-million-resolve-fraud-charges. And Standard Chartered, the other bank at issue, also entered a deferred prosecution agreement with the Department of Justice for violating the International Emergency Economic Powers Act (the same crime that the government has charged here) in 2012. Press Release, Department of Justice, Standard Chartered Bank Agrees to Forfeit $227 Million for Illegal Transactions with Iran, Sudan, Libya, and Burma (Dec. 10. 2012), available at https://www.justice.gov/opa/pr/standard-chartered-bank-agrees-forfeit-227-million-illegal-transactions-iran-sudan-libya-and. Standard Chartered is also currently the subject of a federal government investigation into its business practices. Alun John & Sumjeet Chatterjee, *Standard Chartered Sets Aside $900 Million to Cover U.S., British Fines*, Reuters, Feb. 20, 2019, available at https://www.reuters.com/ article/us-stanchart-crime/standard-chartered-sets-aside-900-million-to-cover-u-s-british-fines-idUSKCN1Q931A.

The government cannot simultaneously argue that these institutions are not within the jurisdiction of the United States while at the same time investigating (and reaching deferred prosecution agreements with) these institutions. The institutions are within the jurisdiction of the United States because they conduct business here, and are therefore subject to the subpoena power of the United States. Most importantly, the government has provided no evidence of any kind related to unsuccessful efforts to subpoena or otherwise obtain certified copies of the records. The residual hearsay exception simply does not exist as a tool of convenience for the government to seek the admission of otherwise inadmissible hearsay, and with "nothing in the record to indicate that through reasonable efforts the government could not procure more probative evidence," the evidence

should not be admitted under the residual hearsay exception. *Perlmutter*, 693 F.2d at 1294. The government has offered no evidence to demonstrate that these records are otherwise unavailable or that it could not procure more probative evidence through reasonable efforts, and the residual hearsay exception is, therefore, inapplicable here.

### III. CONCLUSION

For the foregoing reasons, Dr. Shih respectfully requests that the Court deny the government's motion to admit uncertified bank records because they are neither adoptive admissions, nor do they qualify for admission under the residual hearsay exception.

Dated: March 14, 2019          SPERTUS, LANDES & UMHOFER, LLP

By:   /S James W. Spertus
      James W. Spertus
      John Hanusz
      Christa L. Culver Wasserman

      Attorneys for Yi-Chi Shih, Ph.D.