UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | LA CR18-00050 JAK | Date | April 4, 2019 |

| | |
|---|---|
| Present: The Honorable | John A. Kronstadt, United States District Judge |
| Interpreter | N/A |

| Andrea Keifer | Alex Joko | Melanie Sartoris; Judith A. Heinz; Khaldoun Shobaki; William Rollins; James C. Hughes |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Yi-Chi Shih | | X | X | James W. Spertus; John Hanusz; Christa L. Culver-Wasserman | | X | X |

**Proceedings:** **GOVERNMENT'S MOTION TO COMPEL RECIPROCAL DISCOVERY (DKT. 368)**

**GOVERNMENT'S MOTIONS IN LIMINE:**
NO. 1: FOR ORDER PRECLUDING CHALLENGE TO VALIDITY OF ENTITY LIST DESIGNATIONS (DKT. 304)
NO. 2: FOR ORDER PRECLUDING CHALLENGE TO PLACEMENTS ON COMMERCE CONTROL LIST (DKT. 305)
NO. 3: TO ADMIT CERTIFIED AND SELF-AUTHENTICATING BUSINESS AND GOVERNMENT RECORDS AT TRIAL (DKT. 307)
NO. 4: TO EXCLUDE AFFIRMATIVE DEFENSES NOT DISCLOSED TO THE GOVERNMENT (DKT. 306)
NO. 5: FOR ORDER PRECLUDING DEFENDANT FROM INTRODUCING HIS OWN HEARSAY STATEMENTS (DKT. 310)
NO. 6: FOR PRETRIAL DETERMINATION REGARDING THE ADMISSIBILITY OF DOCUMENTS (DKT. 311)

**DEFENDANT'S MOTIONS IN LIMINE:**
NO. 1: RENEWED MOTION TO SEVER TAX COUNTS (COUNTS 12-18) (DKT. 312)
NO. 2: TO EXCLUDE THE TESTIMONY OF GOVERNMENT EXPERT WITNESSES (DKT. 314)
NO. 3: TO EXCLUDE GOVERNMENT EXPERT TESTIMONY (DKT. 315)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

**NO. 4: TO EXCLUDE EVIDENCE OF CHINESE GOVERNMENT PRACTICES (DKT. 317)**

**NO. 5: TO PRECLUDE EVIDENCE REGARDING PLACEMENT OF COMPANIES ON "ENTITY LIST" AND FOR DISCOVERY OF EVIDENCE RE ENTITY LIST PLACEMENT (DKT. 318)**

**NO. 6: TO PRECLUDE USE OF INFLAMMATORY TERMS NOT RELEVANT TO THIS CASE (DKT. 320)**

**NO. 7: TO EXCLUDE EVIDENCE OF PRIOR ACTS (DKT. 322)**

**NO. 8: TO PERMIT ATTORNEY-CONDUCTED VOIR DIRE AND FOR A JURY QUESTIONNAIRE (DKT. 323)**

**NO. 9: TO COMPEL PRODUCTION OF GRAND JURY TRANSCRIPTS AND TO PRECLUDE THE TRIAL TESTIMONY OF ALL GRAND JURY WITNESSES (DKT. 324)**

**NO. 10: REQUEST FOR DENIAL OF GOVERNMENT'S MOTION FOR RECONSIDERATION (DKT. 216) OF THE COURT'S OCTOBER 24, 2018 ORDER (DKT. 198) GRANTING RELIEF SOUTH IN DEFENDANTS' OBJECTION (DKT. 140) TO THE GOVERNMENT'S FILING PURSUANT TO THE CLASSIFIED INFORMATION PROCEDURES ACT (DKT. 325)**

The motion hearing is held. The Court states its tentative views, hears arguments and makes the following rulings:

**Government's Anticipated Trial Evidence Regarding Entity List and Commerce Control List**
On or before April 11, 2019, the Government shall file a statement describing with specificity what evidence, if any, it intends to introduce as to these lists and their purpose, including any anticipated evidence about the context for why these lists are created. This should include both documents and associated witness testimony that is anticipated. Any exhibits on which the Government intends to rely, such as excerpts of the Federal Register, shall be attached to the filing. Defendant shall file any response to the Government's statement no later than April 18, 2019.

**Exhibits**
Counsel shall confer in an effort to produce and/or organize the Government's proposed trial exhibits, or appropriate samples of them, so that any objections by Defendant can be made and ruled on prior to the commencement of trial. This shall include, but is not limited to, exhibits that may be relevant to the Government's Motions in Limine 3 and 5. A joint report shall be filed by April 8, 2019, regarding whether the parties have agreed on a manner in which to identify any disputes so that common objections to similar exhibits can be presented. If the parties are not able to agree, each side shall include its position on how to streamline the process pursuant to which the Court can receive and address objections to proffered trial exhibits.

**Government's Expected Witness Testimony Relevant to Defendant's Motions in Limine 2, 3, and 4**
On or before April 11, 2019, the Government shall submit a summary of the testimony that is presently anticipated from each of the following eight potential trial witnesses: Carlos Monroy, Robert Berger, Alex Storino, Carlos Tropea, David R. Sandison, Christopher Nordquist, an unidentified representative of the State Department (*see* Dkt. 314 at 3), and Peter Mattis (*see* Dkt. 341 at 4-5). Where the testimony of a proposed witness will include that person's understanding and/or definition of a particular word or term, the Government shall make a reasonable good faith effort to list those terms and the anticipated definitions and their bas(es).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Defendant shall file any response to the Government's summary no later than April 16, 2019, stating the basis for any objections to the proposed testimony.

**Defense Discovery Material (Dkt. 368)**
On or before April 15, 2019, Defendant's counsel shall make reasonable and good faith efforts to produce to the Government the material that Defendant contends satisfies his disclosure obligations as to reciprocal discovery. To the extent that Defendant contends that he is still unable to disclose reciprocal discovery as to potential rebuttal experts, the production shall include a statement and basis for this position based on the Government's April 11, 2019 filing as to the expected testimony of the witnesses identified above. Following the conclusion of the hearing, the Court determined that counsel shall file a joint report on or before noon on April 17, 2019, stating their collective and/or respective views as to what disputes, if any, remain as to the Government's Motion to Compel Reciprocal Discovery (Dkt. 368). A ruling on that motion is **DEFERRED**.

**Trial Date and Jury Questionnaire**
Government counsel requests a continuance of the trial date in order to receive the defense discovery material described above as well as a ruling on the Government's pending in camera motion. *See* Dkt. 116. Defense counsel objects to a continuance. The Court will address the trial date and the jury questionnaire (Dkt. 371) at the April 18, 2019 hearing. The Court states that there are only a few necessary changes to the questionnaire based on the competing versions of the questionnaire presented by the parties.

**GOVERNMENT'S MOTIONS IN LIMINE:**

No. 1: for Order Precluding Challenge to Validity of Entity List Designations (Dkt. 304); and No. 2: for Order Precluding Challenge to Placements on Commerce Control List (Dkt. 305): A final ruling on these two motions is **DEFERRED** pending receipt of the Government statement and the defense response described above. The Court's tentative view is that the motions are not moot, but rather that they were not contested by Defendant. This is confirmed by the related issues presented by Defendant's motions in limine 2, 3 and 5.

No. 3: to Admit Certified and Self-Authenticating Business and Government Records at Trial (Dkt. 307); and No. 5: for Order Precluding Defendant From Introducing His Own Hearsay Statements (Dkt. 310): Motion in Limine No. 3 presents an issue that will be considered in the context of defense objections to specific records the Government proposes to introduce. Motion in Limine No. 5 presents an issue that will be considered later pursuant to Fed. R. Evid. 106 based on the portions of any statement by Defendant proffered by the Government and then by Defendant, claiming that it is necessary and appropriate for context. Accordingly, a ruling on both motions is **DEFERRED**.

No. 4: to Exclude Affirmative Defenses Not Disclosed to the Government (Dkt. 306): The Motion is **GRANTED** as unopposed. *See* Dkt. 332.

No. 6: for Pretrial Determination Regarding the Admissibility of Documents (Dkt. 311): The Court states its tentative view to grant the motion and admit the documents at issue under the residual exception to the rule barring introduction of hearsay (Fed. R. Evid. 807). This ruling would apply to both the Standard Chartered records and the HSBC records. The Court's tentative view is that the Standard Chartered records are not, however, admissible as an opposing party's adopted statement under Fed. R. Evid. 801(d)(2)(B). Counsel address the Court. Following the conclusion of the hearing, the Court adheres to its tentative view and **GRANTS** the Motion for the reasons stated on the record.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

**DEFENDANT'S MOTIONS IN LIMINE:**

No. 1: Renewed Motion to Sever Tax Counts (Counts 12-18) (Dkt. 312): The Motion is **DENIED** for the reasons stated in the written order issued on the prior motion to sever these counts. *See* Dkt. 287. The Court is mindful of the renewed arguments that have been presented but, based on a balance of all relevant factors, has determined that severance is not warranted.

No. 2: to Exclude the Testimony of Government Expert Witnesses (Dkt. 314); No. 3: to Exclude Government Expert Testimony (Dkt. 315); No. 4: to Exclude Evidence of Chinese Government Practices (Dkt. 317); and No. 6: to Preclude Use of Inflammatory Terms Not Relevant to this Case (Dkt. 320): A final ruling on these four motions is **DEFERRED** pending receipt of the Government summary of testimony and defense response described above.

No. 5: to Preclude Evidence Regarding Placement of Companies on "Entity List" and for Discovery of Evidence Re Entity List Placement (Dkt. 318): A final ruling is **DEFERRED** pending receipt of the Government statement and defense response described above.

No. 7: to Exclude Evidence of Prior Acts (Dkt. 322): The Government states that it does not presently seek the admission of such evidence; provided, however, the evidence relevant to the charged conduct could include examples of conduct by Defendant. In response to the Court's question, the Government acknowledges that some of that evidence may be proffered through the aforementioned process of identifying proposed trial exhibits. For these reasons, a final ruling is **DEFERRED** pending receipt of the April 8 joint report regarding exhibits. Depending on the outcome of that process, this is a matter that may require some rulings at trial on objections to questions by the Government to its witnesses.

No. 8: to Permit Attorney-Conducted Voir Dire and for a Jury Questionnaire (Dkt. 323): The request to permit attorney-conducted *voir dire* is **DEFERRED** to the time of trial, when the need for any such *voir dire* will be assessed in context. The Court explains the normal process pursuant to which counsel and the Court will confer at side bar during *voir dire* to discuss any additional questions that are suggested by one or both sides to one or more prospective jurors..

No. 9: to Compel Production of Grand Jury Transcripts and to Preclude the Trial Testimony of All Grand Jury Witnesses (Dkt. 324): The Court states its tentative view that Defendant's request for an order compelling the production of all transcripts of Grand Jury testimony is not warranted or required as a matter of law. The Government has obligations to produce certain transcripts, e.g., if they contain *Brady* material. The Government agrees, but represents that it has conducted an appropriate review of the transcripts for that purpose and that no production is warranted. The Government also states that it does not intend to call at trial any witness who provided Grand Jury testimony. If the Government later decides that it will call as a trial witness a person who testified before the Grand Jury, it shall inform Defendant's counsel of its determination forthwith and confer regarding whether any part(ies) will request a Court order permitting the Government to provide the Defendant with the transcript of that person's Grand Jury testimony. Subject to this limitation, after the conclusion of the hearing, the Motion is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

<u>No. 10: Request for Denial of Government's Motion for Reconsideration (Dkt. 216) of the Court's October 24, 2018 Order (Dkt. 198) Granting Relief South in Defendants' Objection (Dkt. 140) to the Government's Filing Pursuant to the Classified Information Procedures Act (Dkt. 325):</u> The Motion is taken **UNDER SUBMISSION** and a ruling will be issued.

**IT IS SO ORDERED.**

2 : 10

Initials of Deputy Clerk   ak

cc: