SPERTUS, LANDES & UMHOFER, LLP
James W. Spertus (SBN 159825)
John Hanusz (SBN 277367)
Christa L. Culver Wasserman (SBN 289128)
1990 South Bundy Drive, Suite 705
Los Angeles, California 90025
Telephone: (310) 826-4700
Facsimile: (310) 826-4711
jspertus@spertuslaw.com
jhanusz@spertuslaw.com
cwasserman@spertuslaw.com

Attorneys for Defendant
YI-CHI SHIH, PH.D.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>YI-CHI SHIH, PH.D.,<br>ISHIANG SHIH, PH.D., and<br>KIET MAI,<br><br>Defendants. | Case No. CR 18-00050-JAK<br><br>**DEFENSE STATUS REPORT REGARDING TRIAL EXHIBITS; EXHIBIT** |

# DEFENSE STATEMENT REGARDING TRIAL EXHIBITS[1]

## I. INTRODUCTION

The government is not ready for trial; that much is clear. Respectfully, after previously continuing the trial from January 29 to May 7, 2019, the Court should not continue this trial again, especially for the reasons articulated by the government. Dr. Shih has been on home detention with electronic monitoring for more than one year, and the financial cost of delay has been astronomical. Dr. Shih has complied with all of the Court's orders, and should be afforded the opportunity to go to trial as presently set on May 7, 2019.

The government's excuse *du jour* for a trial continuance is its feigned need for pretrial rulings on the admissibility of trial exhibits it has yet to produce. The defense cannot raise specific evidentiary objections to exhibits it has not received, and the Court cannot to rule on them without seeing the specific exhibits. This became abundantly clear at the April 4, 2019 motions hearing, and the Court had to defer ruling on many evidentiary issues because it could not see the specific government exhibits at issue.

The Court heard the government express a preference to produce its exhibit books on the first day of trial, but did not rule on the propriety of that preference. The Court's current order requires the government to provide its exhibit list to the Court on April 11, 2019 (Dkt. No. 298, at ¶ 10(d)), and if the Court would further order the government to produce its exhibit books to the defense by April 15, 2019, the defense will endeavor to provide specific evidentiary objections to the Court by April 30, 2019, assuming proper foundations will be laid through witnesses at trial.

---

[1] Although the Court ordered the parties to submit a joint report, the government did not provide the defense with its seven-page PDF-format portion of the joint statement until 5:09 p.m. on April 8, 2019, despite a defense request for an earlier delivery. The government then gave the defense a deadline of 6:00 p.m. (51 minutes later) to provide its position for inclusion in the joint filing, which the defense could not do. The government then unilaterally elected to file its statement as a separate statement.

To the extent the government wants categorical defense objections to exhibits, the defense has asserted all it is presently aware of in its motions in limine. *See* Dkt. Nos. 314, 315, 317, 318, 322.  All that remains is for the government to produce specific exhibits so that the defense can raise any applicable specific objections.  Under no circumstances would it be fair or just for the Court to allow the government to withhold its specific exhibits and then continue the trial because the defense as a result cannot identify its specific objections.  The defense cannot identify specific objections without seeing specific exhibits.  On April 1, 2019, the defense sent the government a detailed list of errors in its preliminary exhibit list that prevent the defense from identifying the specific exhibits, and the government has ignored that request for clarity, as it has done with many other similar requests.  *See* Exhibit A (April 1, 2019 defense discovery letter).  The government should not be permitted to profit from its own disorganization by obtaining a trial continuance over defense objections, when the responsibility for any confusion over what the government's trial exhibits will be is solely a consequence of the government's disorganization.

## II.   ANALYSIS

### A.   The Government Has Not Provided Sufficient Information to Enable the Defense to Raise Specific Objections to the Government's Exhibits

Dr. Shih has already made his categorical objections to the government's evidence, which were the subject of the defense motions in limine.  See Dkt. Nos. 314, 315, 317, 318, 322.  The specific objections likely to be made once the government identifies its specific exhibits will be objections under Federal Rules of Evidence 401, 402 or 403, or hearsay or foundation objections, such as whether a statement qualifies as a co-conspirator statement or a business record. The parties are likely to agree on the law, but will likely disagree on some foundations or characterizations of exhibits, and the Court will have to rule on

such objections when made.  There is no way to make such objections in a vacuum.

The cases cited by the government regarding the specificity required for objections are inapplicable here.  Dkt. No. 375, at 5-6.   Those cases merely stand for the unremarkable proposition that objections to evidence at trial must be made with specificity at the time the objections are made.  *United States v. Wilson*, 690 F.2d 1267, 1273-74 (9th Cir. 1982) ("Rules of Evidence require that the grounds for an objection be specifically stated, and if no objection is made at the time the evidence is offered and received, its admissibility generally cannot be challenged on appeal."); *United States v. Dixon*, 446 F.2d 224, 224 (9th Cir. 1971) ("The main objection is that one exhibit was admitted without sufficient foundation. But we hold there was some identification and that the objection to admission was not specific enough."). The defense will have no problem complying with such requirements for specificity once the specific exhibits and foundations are known.

The Court has given the government a deadline of April 11, 2019 to provide its exhibit list to the Court (Dkt. No. 298, at ¶ 10(d)), and if the Court would further order that the government produce its exhibits to the defense by April 15, the defense will endeavor to identify specific objections, subject to a foundation being laid through a witness, by April 30, 2019.

**B.     A Trial Continuance Is Unwarranted**

The Court should reject the government's attempt to obtain a trial continuance by blaming the defense for the inability to make specific objections before seeing the government's specific exhibits.  Proceeding to trial on May 7 is of paramount importance to the defense, but the defense cannot be required to waive trial objections to keep the trial date presently set.  The government is simply unprepared for trial, and the Court should not forgive the government's lack of diligence in preparing.  As the Court may recall, at the status conference

3

DEFENSE STATUS REPORT REGARDING TRIAL EXHIBITS

in December 2018, the government specifically represented to the Court that it would be ready for trial on January 29, and the defense at the time requested that the existing pretrial deadlines remain in place to avoid chaos on the eve of a future trial date.  The government ignored most of those pretrial deadlines that remained in place, has not provided its exhibits, and now complains that it cannot know the specific defense objections in advance of trial.  This is a problem of the government's own making, and it would be unfair and unjust for the Court to grant a second trial continuance under these circumstances.  The government has been investigating this case since at least 2015, Dr. Shih was arrested on January 19, 2018, and trial has already been continued twice.  The Court should reject further efforts by the government to gain tactical advantages through delay.

Dated:  April 8, 2019              SPERTUS, LANDES & UMHOFER, LLP

                                   By:   /S James W. Spertus
                                         James W. Spertus
                                         John Hanusz
                                         Christa L. Culver Wasserman

                                         Attorneys for Yi-Chi Shih, Ph.D.