NICOLA T. HANNA
United States Attorney
PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division
JUDITH A. HEINZ (Cal. Bar No. 176264)
Assistant United States Attorney
Senior Litigation Counsel, National Security Division
JAMES C. HUGHES (Cal. Bar No. 263878)
Assistant United States Attorney
Tax Division
MELANIE SARTORIS (Cal. Bar No. 217560)
WILLIAM M. ROLLINS (Cal. Bar No. 287007)
Assistant United States Attorneys
Terrorism and Export Crimes Section
KHALDOUN SHOBAKI (Cal. Bar No. 232864)
Assistant United States Attorney
Cyber & Intellectual Property Crimes Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:     (213) 894-7280/5615/7407/0759
     Facsimile:     (213) 894-2927
     E-mail:    judith.heinz@usdoj.gov
                james.hughes2@usdoj.gov
                melanie.sartoris@usdoj.gov
                william.rollins@usdoj.gov
                khaldoun.shobaki@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 18-50(B)-JAK |
| Plaintiff, | GOVERNMENT'S BRIEF REGARDING EXHIBITS EXPECTED TO BE INTRODUCED AT TRIAL ON May 21, 2019 |
| v. | |
| YI-CHI SHIH, <br> aka "Yichi Shih," <br> aka "Yuqi Shi," et al, <br> Defendants. | Hearing Date: May 20, 2019 <br> Hearing Time: 1:30 p.m. <br> Location:    Courtroom of the <br>              Hon. John A. <br>              Kronstadt |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of

California and Assistant United States Attorneys Judith A. Heinz, James C. Hughes, Melanie Sartoris, William M. Rollins, and Khaldoun Shobaki, hereby submits this brief regarding the exhibits the government expects to seek to introduce at trial on May 21, 2019.

This brief is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: May 20, 2019

Respectfully submitted,

NICOLA T. HANNA
United States Attorney

PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division

    /s/
JUDITH A. HEINZ
JAMES C. HUGHES
MELANIE SARTORIS
WILLIAM M. ROLLINS
KHALDOUN SHOBAKI
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

During trial on May 21, 2019, the government expects to introduce certain exhibits to which defendant objects. These exhibits include:

> Certified Visa records, TECS records, and e-mails that show that in 2009 defendant Yi-Chi Shih ("defendant"), at the direction of his China-based coconspirators, provided MMIC power amplifiers manufactured by Triquint to Air China pilots at a Los Angeles hotel, and that the Air China pilots then flew from LAX to Beijing.

Among defendant's objections to these exhibits, there are two categories of objections the government believes should be addressed today:

1. Objections based on alleged "late discovery"; and
2. Objections based on alleged failure to give Rule 404(b) notice.

Each of these objections is addressed for each exhibit in the attached charts. The government also addresses briefly defendant's objection to the Honeywell export compliance training exhibits.

**Objections based on alleged "late discovery"**

In short, defendant argues that any discovery produced by the government after April 23, 2019 violates the Court's standing order that the government produce all discovery of materials to be presented as exhibits at trial no later than two weeks before trial.

The government's position is that trial in this case began on May 15, 2019, and the contents of all but one exhibit were produced no later than May 1, 2019 (two weeks before trial). Therefore, the government complied with the Court's order. Sustaining defendant's

objections on these grounds would deviate from the Court's standing order and prejudice the government.

The one exhibit that was produced in discovery after May 1, 2019 – Exhibit 1203 – was produced in discovery as soon as the government had the TECS records in that exhibit.  Those TECS records reflect travel by Yu-Mo Chien, also known as Phil Chien.  The government could not identify TECS records for "Phil Chien" (the name used by Yu-Mo Chien in emails to defendant during the conspiracy).  The government did not locate TECS records for the name "Yu-Mo Chien" (which appears to be Phil Chien's true legal name) until shortly before it produced the TECS records that are Exhibit 1203.

**Objections based on alleged failure to give Rule 404(b) notice**

The second group of objections made by defendant are based on defendant's position that the evidence is relevant only to uncharged conduct and the government has failed to give adequate Rule 404(b) notice.  The exhibits at issue relate to defendant's conduct early in the conspiracy (2005-2009) at which time defendant provided Triquint MMIC power amplifiers to his China-based conspirators, including Yaping Chen, by either shipping these MMICs to a company in Singapore, or by giving the MMICs to Air China pilots at a Los Angeles hotel.  This evidence is inextricably intertwined with all other evidence of the conspiracy charged in Court One of the indictment.  The indictment charged that this conspiracy began on "an unknown date but no later than January 2006."  In fact, the evidence shows that the conspiracy began as early as May 2005, and that two conspirators remained constant throughout the conspiracy – defendant and Yaping Chen.  In addition, one of the conspirators' goals remained constant throughout the conspiracy – the unlawful export of

MMICs from the United States to China. Accordingly, the exhibits to which defendant objects are highly relevant to the charged conduct.

**Objections to Defendant's Honeywell export compliance training records**

Defendant objects to the exhibits of defendant's Honeywell export compliance training records based, inter alia, on the inclusion of words such as "ITAR" and "missiles." However, these words are part of the evidence in this case. Defendant and co-defendant Kiet Mai use the word "ITAR" in the e-mails they exchange to execute their scheme to obtain the MMICs from U.S. Company B. And defendant himself sends co-conspirator Ishiang Shih an e-mail attached to which are the minutes of a meeting of the Ganide Board of Directors (on which defendant sits) showing that the directors plan to make MMICs in China to use for missile guidance. See Exhibit 253A. Therefore, these exhibits are highly relevant.

**Defendant's Other Objections**

The government will address defendant's other objections during the status conference later today.

# ATTACHMENT A

United States v. Yi-Chi Shih,
No. CR 18-00050 JAK
Government Responses to Defense Alleged "Late Discovery" Objections to Government Exhibits

| Exh. No. | Description | Defendant's Objection | Government's Response |
|---|---|---|---|
| 119 | 8/30/2009 Yaping Chen to YC Shih re shipping to South Korea | None | |
| 119A | English-language translation of above | Produced after the 4/23/2019 government discovery cut-off (per Section B of the Court's standing order) | Discovery production cut-off per Court's Standing Order is two weeks before trial (5/1/2019); document was produced on 4/24/2019 YC_SHIH_022997 |
| 153 | 12/31/2014 e-mail from YiChiShih to Gao & Xin about a revised proposal to establish Gastone Technology to be a strong foundry like WIN or Triquint; proposal is attached | None | |
| 153A | English-language translation of above | Produced after the 4/23/2019 government discovery cut-off (per Section B of the Court's standing order) | Discovery production cut-off per Court's Standing Order is two weeks before trial (5/1/2019); document was produced on 4/30/2019 YC_SHIH_23415-423 |
| 787 | Memorandum on the Historical Facts of GaStone Technology | None | |

1

United States v. Yi-Chi Shih,
No. CR 18-00050 JAK
Government Responses to Defense Alleged "Late Discovery" Objections to Government Exhibits

| Exh. No. | Description | Defendant's Objection | Government's Response |
|---|---|---|---|
| 787A | English-language translation of above | Produced after the 4/23/2019 government discovery cut-off (per Section B of the Court's standing order) | Discovery production cut-off per Court's Standing Order is two weeks before trial (5/1/2019); finalized translation was produced on 4/28/2019 YC_SHIH_00023143-147; draft translations were produced on 3/14/2019 YC_SHIH_00016389-394; and on 4/10/2019 YC_SHIH_00022545-550 |
| 1202 | Certified TECS records for Air China Pilots | Produced after the 4/23/2019 government discovery cut-off (per Section B of the Court's standing order)[1] | Discovery production cut-off per Court's Standing Order is two weeks before trial (5/1/2019); documents were produced on 4/28/2019 YC_SHIH_00023126-142 |

---

[1] In addition, defendant objects based on relevance and re-asserts his prior objection (see Dkt. No. 331).

2

United States v. Yi-Chi Shih,
No. CR 18-00050 JAK
Government Responses to Defense Alleged "Late Discovery" Objections to Government Exhibits

| Exh. No. | Description | Defendant's Objection | Government's Response |
|---|---|---|---|
| 1203 | TECS records for Yu-Mo Chien | Produced after the 4/23/2019 government discovery cut-off (per Section B of the Court's standing order).[2] | Discovery production cut-off per Court's Standing Order is two weeks before trial (5/1/2019); uncertified documents were produced on 5/7/2019 YC_SHIH_00024676-677. The government could not locate these documents earlier because Yu-Mo Chien used the name "Phil Chien" in all of his communications with defendant, and the government did not know "Phil Chien"'s legal name until very recently. Defendant has not been prejudiced; the e-mails reflecting the cross-border travel were produced in discovery approximately a year ago. |

---

[2] In addition, defendant re-asserts objections made previously (see Dkt. No. 334).

3

United States v. Yi-Chi Shih,
No. CR 18-00050 JAK
Government Responses to Defense Alleged "Late Discovery" Objections to Government Exhibits

| Exh. No. | Description | Defendant's Objection | Government's Response |
|---|---|---|---|
| 1653 | Certified Visa records for Kai Cheng | Produced after the 4/23/2019 government discovery cut-off (per Section B of the Court's standing order)[3] | Discovery production cut-off per Court's Standing Order is two weeks before trial (5/1/2019); uncertified documents were produced on 3/14/2019 YC_SHIH_00014364-78; certified documents were produced on 4/26/2019 YC_SHIH_00023081-091 |
| 1654 | Certified Visa records for Yong Tian | Produced after the 4/23/2019 government discovery cut-off (per Section B of the Court's standing order) | Discovery production cut-off per Court's Standing Order is two weeks before trial (5/1/2019); uncertified documents were produced on 3/14/2019 YC_SHIH_00014383-400; certified documents were produced on 4/26/2019 YC_SHIH_00023091-109 |

---

[3] In addition, defendant objects to exhibits 1653, 1654, and 1655 based on relevance and no Rule 404(b) notice regarding uncharged conduct.

4

United States v. Yi-Chi Shih,
No. CR 18-00050 JAK
Government Responses to Defense Alleged "Late Discovery" Objections to Government Exhibits

| Exh. No. | Description | Defendant's Objection | Government's Response |
|---|---|---|---|
| 1655 | Certified Visa records for Yuan Dong Chen | Produced after the 4/23/2019 government discovery cut-off (per Section B of the Court's standing order) | Discovery production cut-off per Court's Standing Order is two weeks before trial (5/1/2019); uncertified documents were produced on 3/14/2019 YC_SHIH_00014361-363; certified documents were produced on 4/26/2019 YC_SHIH_00023110-117 |
| 1680 | Triquint part TGA4505 product datasheet, May 2009 | Produced after the 4/23/2019 government discovery cut-off (per Section B of the Court's standing order)[4] | Discovery production cut-off per Court's Standing Order is two weeks before trial (5/1/2019); documents were produced on 4/26/2019 YC_SHIH_00023013-022 |
| 1681 | Triquint part TGA4508 product datasheet, May 2009 | Produced after the 4/23/2019 government discovery cut-off (per Section B of the Court's standing order) | Discovery production cut-off per Court's Standing Order is two weeks before trial (5/1/2019); documents were produced on 4/26/2019 YC_SHIH_00023023-033 |

---

[4] In addition, defendant objects to exhibits 1680, 1681, 1682, 1683, 1684, 1685, 1686, 1687, 1689, 1690, 1691, and 1692 based on relevance, hearsay, for some exhibits foundation and duplicity, and no Rule 404(b) notice regarding uncharged conduct.

5

United States v. Yi-Chi Shih,
No. CR 18-00050 JAK
Government Responses to Defense Alleged "Late Discovery" Objections to Government Exhibits

| Exh. No. | Description | Defendant's Objection | Government's Response |
|---|---|---|---|
| 1682 | Triquint part TGA4512-SM product datasheet, April 26, 2012 | Produced after the 4/23/2019 government discovery cut-off (per Section B of the Court's standing order) | Discovery production cut-off per Court's Standing Order is two weeks before trial (5/1/2019); documents were produced on 4/26/2019 YC_SHIH_00023034-046 |
| 1683 | Triquint part TGA4516 product datasheet, July 2011 | Produced after the 4/23/2019 government discovery cut-off (per Section B of the Court's standing order) | Discovery production cut-off per Court's Standing Order is two weeks before trial (5/1/2019); documents were produced on 4/26/2019 YC_SHIH_00023047-055 |
| 1684 | Triquint part TGA4517 product datasheet, May 2009 | Produced after the 4/23/2019 government discovery cut-off (per Section B of the Court's standing order) | Discovery production cut-off per Court's Standing Order is two weeks before trial (5/1/2019); documents were produced on 4/26/2019 YC_SHIH_00023056-066 |
| 1685 | Triquint part TGA4522 product datasheet, May 2009 | Produced after the 4/23/2019 government discovery cut-off (per Section B of the Court's standing order) | Discovery production cut-off per Court's Standing Order is two weeks before trial (5/1/2019); documents were produced on 4/26/2019 YC_SHIH_00023067-078 |

6

United States v. Yi-Chi Shih,
No. CR 18-00050 JAK
Government Responses to Defense Alleged "Late Discovery" Objections to Government Exhibits

| Exh. No. | Description | Defendant's Objection | Government's Response |
|---|---|---|---|
| 1686 | Triquint part TGA1073B- SCC product datasheet, January 17, 2005 | Produced after the 4/23/2019 government discovery cut-off (per Section B of the Court's standing order) | Discovery production cut-off per Court's Standing Order is two weeks before trial (5/1/2019); documents were produced on 5/1/2019 YC_SHIH_00023432-438 |
| 1687 | Triquint part TGA1073C- SCC8 product datasheet, July 1, 2002 | Produced after the 4/23/2019 government discovery cut-off (per Section B of the Court's standing order) | Discovery production cut-off per Court's Standing Order is two weeks before trial (5/1/2019); documents were produced on 5/1/2019 YC_SHIH_00023439-444 |
| 1688 | Triquint part TGA4516 advance product datasheet, February 10, 2006 | Produced after the 4/23/2019 government discovery cut-off (per Section B of the Court's standing order) | Discovery production cut-off per Court's Standing Order is two weeks before trial (5/1/2019); documents were produced on 5/1/2019 YC_SHIH_00023445-452 |
| 1689 | Triquint part TGA4517-EPU advance product datasheet, June 4, 2004 | Produced after the 4/23/2019 government discovery cut-off (per Section B of the Court's standing order) | Discovery production cut-off per Court's Standing Order is two weeks before trial (5/1/2019); documents were produced on 5/1/2019 YC_SHIH_00023453-462 |

United States v. Yi-Chi Shih,
No. CR 18-00050 JAK
Government Responses to Defense Alleged "Late Discovery" Objections to Government Exhibits

| Exh. No. | Description | Defendant's Objection | Government's Response |
|---|---|---|---|
| 1690 | Triquint part TGA4521 product datasheet, June 2008 | Produced after the 4/23/2019 government discovery cut-off (per Section B of the Court's standing order) | Discovery production cut-off per Court's Standing Order is two weeks before trial (5/1/2019); documents were produced on 5/1/2019 YC_SHIH_00023463-471 |
| 1691 | Triquint part TGA4521- EPU advance product datasheet, October 5, 2004 | Produced after the 4/23/2019 government discovery cut-off (per Section B of the Court's standing order) | Discovery production cut-off per Court's Standing Order is two weeks before trial (5/1/2019); documents were produced on 5/1/2019 YC_SHIH_00023472-481 |
| 1692 | Triquint part TGA4522- EPU advance product datasheet, January 17, 2005 | Produced after the 4/23/2019 government discovery cut-off (per Section B of the Court's standing order) | Discovery production cut-off per Court's Standing Order is two weeks before trial (5/1/2019); documents were produced on 5/1/2019 YC_SHIH_00023482-491 |
| 2008 | incoming wire transfer instructions-Pullman Lane account - Z5 - 2014-01-02 | None | |

8

United States v. Yi-Chi Shih,
No. CR 18-00050 JAK
Government Responses to Defense Alleged "Late Discovery" Objections to Government Exhibits

| Exh. No. | Description | Defendant's Objection | Government's Response |
|---|---|---|---|
| 2008A | English-language translation of above | Translation produced after the 4/23/2019 government discovery cut-off (per Section B of the Court's standing order) [No additional objection based on accuracy of translation] | Discovery production cut-off per Court's Standing Order is two weeks before trial (5/1/2019); document was produced on 5/1/2019 YC_SHIH_00023599 |
| 2812 | 5/30/2014 email from song.bo@rm138.com to Yi-Chi Shih attaching reports | See footnote 5. | |
| 2812A | English-language translation of above | Produced after the 4/23/2019 government discovery cut-off (per Section B of the Court's standing order)[5] [No additional objection based on accuracy of translation] | Discovery production cut-off per Court's Standing Order is two weeks before trial (5/1/2019); document was produced on 4/30/2019 YC_SHIH_00023429 |
| 2813 | 6/5/2015 email from huo.xiaoshi@rm138.com to Shih attaching a report | See footnote 5. | |

---

[5] In addition, defendant objects to exhibits 2812, 2812A, 2813, and 2813A based on these being incomplete exhibits, specifically, the report referenced in exhibit is not attached). The government is correcting the exhibit to address that objection.

9

United States v. Yi-Chi Shih,
No. CR 18-00050 JAK
Government Responses to Defense Alleged "Late Discovery" Objections to Government Exhibits

| Exh. No. | Description | Defendant's Objection | Government's Response |
|---|---|---|---|
| 2813A | English-language translation of above | Produced after the 4/23/2019 government discovery cut-off (per Section B of the Court's standing order) [No additional objection based on accuracy of translation] | Discovery production cut-off per Court's Standing Order is two weeks before trial (5/1/2019); document was produced on 4/30/2019 YC_SHIH_00023428 |
| | | | |
| | | | |

10

# **ATTACHMENT B**

United States v. Yi-Chi Shih,
No. CR 18-00050 JAK
Government Responses to Defense 404(b) Notice Objections to Government Exhibits

| Exh. No. | Description | Defendant's Objection | Government's Response |
|---|---|---|---|
| 234 | 10/22/2009 email YiChiShih & Fei Ye re delivering parts to person in hotel | Uncharged conduct (no Rule 404(b) notice); relevance | Count One conspiracy; inextricably intertwined; Rule 404(b) notice given in every discovery letter |
| 235 | 10/27/2009 email YiChiShih & Fei Ye re delivering parts to person in hotel | Uncharged conduct (no rule 404(b) notice); relevance | Count One conspiracy; inextricably intertwined; Rule 404(b) notice given in every discovery letter |
| 236 | 10/28/2009 email YiChiShih & Fei Ye re delivering parts to person in hotel | Uncharged conduct (no rule 404(b) notice); relevance | Count One conspiracy; inextricably intertwined; Rule 404(b) notice given in every discovery letter |
| 236A | English-language translation of above | Uncharged conduct (no rule 404(b) notice); relevance | Count One conspiracy; inextricably intertwined; Rule 404(b) notice given in every discovery letter |
| 239 | 12/3/2009 email YiChiShih & Fei Ye re directions for giving MMIC to person in hotel | Uncharged conduct (no rule 404(b) notice); relevance | Count One conspiracy; inextricably intertwined; Rule 404(b) notice given in every discovery letter |
| 240 | 12/3/2009 email YiChiShih & Fei Ye re directions for giving MMIC to person in hotel | Uncharged conduct (no rule 404(b) notice); relevance | Count One conspiracy; inextricably intertwined; Rule 404(b) notice given in every discovery letter |
| 1653 | Certified Visa records for Kai Cheng | Uncharged conduct (no rule 404(b) notice); relevance | Count One conspiracy; inextricably intertwined; Rule 404(b) notice given in every discovery letter |

1

United States v. Yi-Chi Shih,
No. CR 18-00050 JAK
Government Responses to Defense 404(b) Notice Objections to Government Exhibits

| Exh. No. | Description | Defendant's Objection | Government's Response |
|---|---|---|---|
| 1654 | Certified Visa records for Yong Tian | Uncharged conduct (no rule 404(b) notice); relevance | Count One conspiracy; inextricably intertwined; Rule 404(b) notice given in every discovery letter |
| 1655 | Certified Visa records for Yuan Dong Chen | Uncharged conduct (no rule 404(b) notice); relevance | Count One conspiracy; inextricably intertwined; Rule 404(b) notice given in every discovery letter |