UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CRIMINAL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | LA CR18-00050(B) JAK (1) | Date | May 20, 2019 |

| | |
|---|---|
| Present: The Honorable | John A. Kronstadt, United States District Judge |
| Interpreter | N/A |

| Andrea Keifer | Alex Joko | Melanie Sartoris; Judith A. Heinz; Khaldoun Shobaki; William Rollins; James C. Hughes |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Yi-Chi Shih | | Wvr-Not | X | James W. Spertus; John Hanusz; Christa L. Culver | X | | X |

**Proceedings:** STATUS CONFERENCE RE DISPUTED EXHIBITS AND TESTIMONY

The status conference is held. The Court confers with counsel regarding the parties' submissions at Dkts. 456-59 and 461-62. The Court states its tentative views, hears arguments, and makes the following rulings:

**Admissibility of Exhibits to be Proffered During Cross-Examination of Carlos Monroy**
The states its tentative view that the identified excerpts from the Export Administration Regulations ("EAR") may be admitted, subject to the following provisos. *First*, the exhibit must provide sufficient context to understand the regulation, i.e., it should be possible to follow the regulation based on the proposed excerpt consistent with the principles of completeness. *Second*, these excerpts will be admitted for the limited purpose of facilitating the jury's consideration as to the nature of the EAR process, and not for the purpose of showing that the law is as stated in these exhibits. The jury will be so instructed, including that it will be instructed on the law by the Court. *Third*, admission of these exhibits may be revisited later upon a final determination of the scope of the content of jury instructions regarding exclusions or exceptions that apply under the EAR. Counsel for the Government requests that if the Court adheres to its tentative view, the admission of these exhibits be revisited upon a determination on the disputed jury instruction issues regarding exclusions and exceptions to the EAR licensing requirement. Defendant's counsel states that two new exhibits, with new numbers, have been created to address the completeness issue. The Court adheres to its tentative view and grants Defendant's request to introduce these exhibits subject to the foregoing limitations.

**Admissibility of Testimony of Peter Mattis**
The Court states its tentative views that there are issues under Fed. R. Evid. 403 with any testimony about entities that are not sufficiently linked to Defendant. Counsel for the Government states that the evidence will show sufficient links between Defendant and certain entities about which Mattis will testify, including the Qing'an International Trading Company ("QTC") and the "Number 607 Institute." Counsel for the Government

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

agrees to identify to Defendant's counsel the trial exhibits that the Government contends show the requisite link between Defendant and the entities about which Mattis will testify. Defendant's counsel states that as to the link between these entities and Defendant, the issue presented under Fed. R. Evid. 403 will be that there is insufficient evidence that Defendant is aware of certain activities or affiliations of these entities, even if there were sufficient evidence that he is aware of the existence of the entities. Defendant's counsel also objects on the basis of relevance. Defendant's counsel also states that Defendant objects to Mattis's testimony on the basis that there was not a timely disclosure of the opinions about which Mattis would testify or the basis for those opinions, and Defendant requests exclusion on this independent basis. The Court asks counsel for the Government about the issues presented regarding timeliness of disclosure of the materials that form the basis for Mattis's testimony. The Court states that the issue presented is the ability of Defendant's counsel to cross-examine Mattis effectively as to opinions for which underlying documents have not been produced.

The Court states the following. *First*, as to the links between the entities at issue and Defendant, introduction of the evidence can occur if there is sufficient evidence from which a factfinder might reach the conclusion that Defendant knew about certain aspects of the entities about which Mattis testifies. *Second*, there is not presently a basis for exclusion due to the timeliness of disclosure about the opinions that Mattis would present through his testimony. *Third*, there may presently be a basis for exclusion of certain opinions based on the timeliness in which the materials that form the basis for those opinions have been disclosed. As to this third issue, the Court confers with counsel regarding a possible foundational hearing, outside the presence of the jury, to provide an understanding of the basis for Mattis's opinions, in order to evaluate whether the absence of the production of the documents on which he is relying is a sufficient basis to exclude his opinions. Counsel for the Government states that it intends to call Mattis as a witness on May 21, 2019, and that he is only available on that day. The Court defers a ruling as to whether to hold such a hearing, with a determination to be made based on whether there is sufficient time to do so without undue delay of the jury proceedings.

**Defendant's Objections to Exhibits to be Proffered During Testimony of Erin Robinson and Jamaal Westby**
Defendant's objections to the introduction of Government Exhibits 1653, 1654, 1655, 1202, and 1203 are **OVERRULED**; provided, however, this is without prejudice to a later determination to withdraw the exhibits after the applicable testimony has been made.

**Defendant's Objections to Exhibits to be Proffered During Testimony of Joshua Pascoe**
Defendant's objections to the introduction of Government Exhibits 1670-76 are **OVERRULED**, subject to the following provisos. *First*, to the extent the exhibits contain information that is not relevant or whose relevance is outweighed by prejudicial effect, they should be redacted. Redactions should be made where possible at this time. However, a witness can examine and testify about the document subject to a separate determination about publication and a possible future determination regarding further redactions. *Second*, to the extent there are answers to quizzes shown in the materials, those quiz answers should be redacted unless there is evidence that these answers were made by Defendant. *Third*, these exhibits will only be admitted if a sufficient showing is made that the exhibits were displayed and/or made available to Defendant while at Honeywell. As to redaction of terms, Defendant's counsel states that there is a limited list of terms that should be redacted as to all appearances in the exhibits. The Court states that as an example ruling, its view is that as to the first page of Exhibit 1675, the following words should be redacted: "for Space, Missiles & Munitions." Counsel shall identify possible redactions of similar material and seek to reach agreement to the extent possible.

**Defendant's Objections to Exhibits to be Proffered During Testimony of Maureen Miller**
The Court rules as follows as to certain of Defendant's objections:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Government Exhibits 707, 716, 754: Objection **OVERRULED**.
Government Exhibit 727: Objection **SUSTAINED**.
Government Exhibits 690, 691: Objection **OVERRULED**.
Government Exhibit 696: Objection **SUSTAINED** under Fed. R. Evid. 403.
Government Exhibit 718: Objection **SUSTAINED**.
Government Exhibits 725, 726: These exhibits present issues in terms of relevance and under Fed. R. Evid. 403, such that certain redactions (for example, of words related to the military) are, at this time, required for their introduction. However, to the extent Defendant opens the door, the issue may be reviewed again as to Exhibit 725.. Counsel for the Government requests that Miller be permitted to testify regarding the location from which the notebook was recovered so that the Government can move later for the admission of the exhibit into evidence, including if the door is opened. Defendant's counsel does not object. Defendant's objection to Exhibit 726 is **OVERRULED**; provided, however, the word "navy" shall be redacted.
Government Exhibit 787A: Objection **OVERRULED**.

Counsel agree that a ruling is not necessary as to certain additional exhibits to which disputes were previously identified, in light of the Government's determination to withdraw certain disputed exhibits.

**IT IS SO ORDERED.**

|  | 1 | : | 45 |
|---|---|---|---|
| Initials of Deputy Clerk | ak | | |

cc: