SPERTUS, LANDES & UMHOFER, LLP
James W. Spertus (SBN 159825)
John Hanusz (SBN 277367)
Christa L. Culver Wasserman (SBN 289128)
1990 South Bundy Drive, Suite 705
Los Angeles, California 90025
Telephone: (310) 826-4700
Facsimile: (310) 826-4711
jspertus@spertuslaw.com
jhanusz@spertuslaw.com
cwasserman@spertuslaw.com

Attorneys for Defendant
YI-CHI SHIH, PH.D.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>YI-CHI SHIH, PH.D.,<br>ISHIANG SHIH, PH.D., and<br>KIET MAI,<br><br>Defendants. | Case No. CR 18-00050-JAK<br><br>**BRIEF RE ADMISSIBILITY OF EVIDENCE** |

BRIEF RE ADMISSIBILITY OF EVIDENCE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

During the cross-examination of Special Agent Maureen Miller on May 22, 2019, the defense marked for identification U.S. Company B boxes and wafers recovered from Dr. Shih's home. *See* Exhibits 3996, 4270 (boxes); 3638, 3639, 3640 (wafers). These five exhibits are currently in the possession of the Court's Clerk. Although the government does not dispute the relevance of these items, the government objects to their admissibility on the ground that the defense has not made a "chain of custody" showing. This objection goes to the weight, and not the admissibility, of the evidence. The Company B boxes and wafers are unique items that are readily identifiable, and no "chain of custody" showing is necessary to support their admissibility. Agent Miller's testimony alone provided a sufficient foundation for the admission of these exhibits into evidence, and there is no dispute that the exhibits are highly relevant to this case. There is simply no requirement in the Federal Rules of Evidence that the defense make any "chain of custody" showing. Accordingly, Dr. Shih respectfully submits that the Court should grant the defense's pending request to move Exhibits 3996, 4270, 3638, 3639, and 3640 into evidence.

## II. DISCUSSION

### A. The U.S. Company B Boxes and Wafers Are Unique, Readily Identifiable Items Admissible Without a "Chain of Custody" Showing

"Evidence . . . is properly admitted if it is readily identifiable by a unique feature or other identifying mark.'" *United States v. Luna*, 649 F.3d 91, 103 (1st Cir. 2011) (citations omitted). It is not necessary for the party proffering such readily identifiable, unique evidence to provide a tracing of the chain of custody as a prerequisite for its admission. *See Reyes v. United States*, 383 F.2d 734, 734 (9th Cir. 1967) (rejecting defendant's argument concerning inadequate chain of custody showing where "Exhibit 1 was unique and readily identifiable, and the

1

BRIEF RE ADMISSIBILITY OF EVIDENCE

photographic reproductions of exhibit 1 were positively identified by several witnesses"); *United States v. Cardenas*, 864 F.2d 1528, 1531 (10th Cir. 1989) ("If the proffered evidence is unique, readily identifiable and relatively resistant to change, the foundation need only consist of testimony that the evidence is what its proponent claims." (citing E. Cleary, McCormick on Evidence § 212 at 667 (3d ed. 1984))).

Here, the U.S. Company B boxes and wafers identified as Exhibits 3996, 4270, 3638, 3639, and 3640 are unique, readily identifiable items for which no "chain of custody" need be established. As Agent Miller testified, affixed to the U.S. Company B box marked as Exhibit 3996 is a unique shipping label identifying U.S. Company B as the sender and alleged co-conspirator Kiet Mai as the addressee. *See* Ex. A (2019-05-22 Trial Tr.), at 53:2-4 ("Q. And one of the[ boxes] bears the label 'Kiet Mai' from [U.S. Company B]; right? A. Yes, this box does appear to have that label."). Moreover, both boxes are wrapped with distinctive packing tape bearing U.S. Company B's logo; the sizes of the boxes match the sizes of the boxes depicted on page 16 of Government Exhibit 793 (a photograph of the boxes taken by the FBI during its search of Dr. Shih's residence); and Special Agent Miller—who testified that she "looked at the[ boxes] on the day of the search"—confirmed that they "appear to be very similar boxes as to the ones in the picture." *Id.* at 48:2-7. In fact, Agent Miller testified under oath that she personally looked in the boxes, before later changing that sworn testimony to alternative testimony that better suited the goverment's needs. *Id.* at 41:2-3 ("Q. Did you look in the boxes? A. Yes").

Similarly, the U.S. Company B wafers identified as Exhibits 3638, 3639, and 3640 are unique, readily identifiable items for which Agent Miller's testimony has laid an appropriate foundation. Each wafer bears a label reflecting the unique serial number assigned to it by U.S. Company B, and two of the wafers are tagged with a second sticker bearing U.S. Company B's logo. The

2
BRIEF RE ADMISSIBILITY OF EVIDENCE

serial numbers match other evidence in this case. Agent Miller, who testified that she "kn[ows] what a [U.S. Company B] wafer looks like," also confirmed that the wafers marked as Exhibits 3638, 3639, and 3640 "appear to be wafers of similar color to Exhibit 1," the U.S. Company B wafer that already has been admitted into evidence in this trial. *Id.* at 56:8-19. In addition, upon closer inspection of one of the wafers, Agent Miller again confirmed that it "appear[ed] to be a [U.S. Company B] wafer." *Id.* at 57:1-3.

Accordingly, the U.S. Company B boxes and wafers are unique and readily identifiable, and Agent Miller's testimony alone provides sufficient foundation to admit them into evidence. The defense therefore respectfully requests that the Court grant Dr. Shih's request to move Exhibits 3996 (along with associated Exhibits 3996A and 3996B), 4270, 3638, 3639, and 3640 into evidence.[1]

### B. Although Not Required, the Defense Is Prepared To Make a "Chain of Custody" Showing for the U.S. Company B Boxes and Wafers

Even were it necessary, however, for the defense to provide a tracing of the chain of custody for the U.S. Company B boxes and wafers, the defense readily could do so, and offered to call a foundational witness out of order, which the Court rejected. Where evidence does require a "chain of custody" showing, a party's proffer as to that chain need only show a "*reasonable probability* the article has not been changed in important respects." *United States v. Harrington*, 923 F.2d 1371, 1374 (9th Cir. 1991) (emphasis added) (citation omitted); *see also Cardenas*, 864 F.2d at 1531 ("[T]he chain of custody need not be perfect for the evidence to be admissible."). Significantly, "[m]erely raising the possibility

---

[1] The defense maintains that the testimony of Agent Miller already has laid an adequate foundation for the admission of these items. To the extent the Court disagrees, however, the defense respectfully requests that the items be conditionally admitted because multiple witnesses in this trial will all be able to identify the boxes and wafers at issue. There is simply no basis in law to delay admission of these critical defense exhibits.

3
BRIEF RE ADMISSIBILITY OF EVIDENCE

of tampering is not sufficient to render evidence inadmissible." *Id.* (citing *United States v. Vansant*, 423 F.2d 620, 621 (9th Cir.), *cert. denied*, 400 U.S. 835, 91 S. Ct. 71, 27 L.Ed.2d 68 (1970)).  Instead, "[t]he possibility of a break in the chain of custody goes only to the weight of the evidence." *Id.*; *accord United States v. Solorio*, 669 F.3d 943, 954 (9th Cir. 2012) ("[T]he parties agree that '[t]he possibility of a break in the chain of custody goes only to the weight of the evidence.'" (citation omitted)); *United States v. Seideman*, 485 Fed. App'x 190, 193 (9th Cir. 2012) ("Although there were inconsistencies in the details provided in the inventory sheets as well as in the testimony regarding the presence or absence of FBI markings, these defects in the chain of custody go to the weight, rather than the admissibility, of the evidence.") (citing *United States v. Matta-Ballesteros*, 71 F.3d 754, 769 (9th Cir. 1995)).

Although such a showing is not required, the defense offered "chain of custody" testimony from a witness the defense would call out of order, but the Court would not permit that.  In fact, the defense phoned the witness who was on his way to Court on May 22, 2019, but when the Court would not permit the testimony out of order, the defense called that witness off.  At side bar on May 22, 2019, the defense proffered testimony that will establish "a reasonable probability" that the U.S. Company B boxes and wafers have "not been changed in important respects." *Harrington*, 923 F.2d at 1371 (citation omitted).  The defense therefore respectfully submits that, at a minimum, these items should be conditionally admitted now, and the defense will then call a witness to testify about foundational issues if the Court concludes that such testimony is necessary despite the briefing set forth above that establishes it is not.

/ /
/ /
/ /
/ /

## III. CONCLUSION

For the foregoing reasons, Dr. Shih respectfully submits that the Court should grant the pending defense request to move Exhibits 3996 (along with associated Exhibits 3996A and 3996B), 4270, 3638, 3639, and 3640 into evidence at this time.

Dated: May 27, 2019          SPERTUS, LANDES & UMHOFER, LLP

                             By:    /S James W. Spertus
                                    James W. Spertus
                                    John Hanusz
                                    Christa L. Culver Wasserman

                                    Attorneys for Yi-Chi Shih, Ph.D.