# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - TRIAL**

| | | | |
|---|---|---|---|
| Case No. | LA CR18-00050(B) JAK | Date | May 29, 2019 |
| Present: The Honorable | John A. Kronstadt, United States District Judge | | |
| Interpreter | N/A | | |

| Andrea Keifer | Alex Joko | Melanie A. H. Sartoris; Judith A. Heinz; Khaldoun Shobaki; William Rollins |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Yi-Chi Shih | | X | X | James W. Spertus; John Hanusz; Christa L. Wasserman (Culver) | X | | X |

| | Day COURT TRIAL | 7th | Day JURY TRIAL | | Death Penalty Phase |
|---|---|---|---|---|---|
| | One day trial; | | Begun (1st day); | X | Held & continued; | | Completed by jury verdict/submitted to court. |

| | |
|---|---|
| | The Jury is impaneled and sworn. |
| | Opening statements made |
| X | Witnesses called, sworn and testified. |
| X | Exhibits identified        X  Exhibits admitted |
| | Government rests.    Defendant(s) _____ rest. |
| | Motion for mistrial by _____ is _____ granted _____ denied _____ submitted |
| | Motion for judgment of acquittal (FRCrP 29) is _____ granted _____ denied _____ submitted |
| | Closing arguments made    Court instructs jury    Bailiff sworn |
| | Clerk   reviewed   admitted   exhibits with counsel to be submitted to the Jury/Court for deliberations/findings. |
| | Alternates excused    Jury retires to deliberate    Jury resumes deliberations |
| | Finding by Court as follows:    Jury Verdict as follows: |
| Dft # | _____ Guilty on count(s) _____    Not Guilty on count(s) _____ |
| | Jury polled    Polling waived |
| | Filed Witness & Exhibit lists    Filed Jury notes    Filed Jury Instructions    Filed Jury Verdict |
| | Dft # _____ Referred to Probation Office for Investigation & Report and continued to _____ for sentencing. |
| | Dft # _____ remanded to custody.    Remand/Release _____ issd.    Dft # _____ released from custody. |
| | Bond exonerated as to Dft # |
| X | Case continued to May 30, 2019 at 9:30 am for further trial/further jury deliberation. |
| X | Other: The Court confers with counsel regarding whether witnesses should be called once. The Government opposes having its witnesses subject to examination that goes beyond the issues raised on direct, and cites the corresponding Federal Rule of Evidence. The Defendant opposes having the Government make continuing objections that questions posed on cross-examination exceed the scope of direct. The Court acknowledges that |

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CRIMINAL MINUTES - TRIAL**

there is a basis to have a witness testify twice - once as a part of the case of each side - but also states that there can be a lot of time saved by having a witness appear only once. This may also limit the burden on non-party witnesses who have to travel to Los Angeles to testify. Defense counsel states that almost all, if not all, of the testimony it will seek to elicit from the witnesses whom the Government says it will call soon, will be cross-examination. The Defense offers to provide in advance to the Court for in camera consideration the areas it plans to cover on cross-examination so the Court can assess the issue in context. The Court declines to do so and defers a ruling on the scope of the examination by Defendant until it is underway. In that way the Court can assess whether the examination exceeds the scope of the direct, and if so, how much time will be required to complete such testimony. The Court will then balance the interests in ruling on the Government's objection.

In response to the Court's ruling that sustains objections to certain defense exhibits as to the payment of invoices by the non-party whose office is testifying, Defendant disagrees, and will lodge other exhibits on this issue so that the record is complete. The Government asks that these be filed under seal pursuant to the protective order to protect the privacy interests of the non-party. Defendant states that will be unduly burdensome. The Clerk offers to facilitate those filings. An application and proposed order are not required to lodge the exhibits under seal. The notice of lodging shall reference this Order. Further, the Court explains the basis for its ruling as to the two disputed exhibits. In response to the proffer by Defendant's counsel as to their content, the Court states that it has not reviewed the exhibits, which have not yet been identified by exhibit number. Therefore, once they are so identified or lodged on the docket, the Court will evaluate their admissibility following a review of them.

**IT IS SO ORDERED.**

|  | 4 | : | 40 |
|---|---|---|---|
| Initials of Deputy Clerk | ak | | |