1              UNITED STATES DISTRICT COURT

2       CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

3         HONORABLE JOHN A. KRONSTADT, US DISTRICT JUDGE

4                         - - -

5

6

7                                    )
  UNITED STATES OF AMERICA,          )
8                                    )
                      PLAINTIFF,     )
9                                    )
            vs.                      ) No. CR18-50-JAK
10                                   )
  (1) YI-CHI SHIH, ET AL.,           )
11                                   )
                      DEFENDANT.     )
12  _____)

13

14

15         REPORTER'S TRANSCRIPT OF JURY TRIAL

16               DAY 4, VOLUME III

17             TUESDAY, MAY 21, 2019

18                  1:47 P.M.

19            LOS ANGELES, CALIFORNIA

20

21

22        _____

23        CINDY L. NIRENBERG, CSR 5059, FCRR
             U.S. Official Court Reporter
24           350 W. 1st Street, #4455
             Los Angeles, CA 90012
25              www.msfedreporter.com

```
 1   APPEARANCES OF COUNSEL:

 2


 3   FOR THE PLAINTIFF:
                        UNITED STATES ATTORNEY'S OFFICE
 4                      BY: JUDITH HEINZ,
                            ASSISTANT US ATTORNEY
 5                          JAMES HUGHES,
                            ASSISTANT US ATTORNEY
 6                          WILLIAM ROLLINS,
                            ASSISTANT US ATTORNEY
 7                          MELANIE SARTORIS,
                            ASSISTANT US ATTORNEY
 8                          KHALDOUN SHOBAKI,
                            ASSISTANT US ATTORNEY
 9                      312 NORTH SPRING STREET
                        13TH FLOOR
10                      LOS ANGELES, CA 90012
                        213-894-2434
11

12

13

14

15   FOR THE DEFENDANT:
                        SPERTUS LANDES & UMHOFER
16                      BY: JOHN HANUSZ, ATTORNEY AT LAW
                            JAMES W. SPERTUS, ATTORNEY AT LAW
17                          CHRISTA L. CULVER WASSERMAN,
                            ATTORNEY AT LAW
18                      1990 SOUTH BUNDY DRIVE
                        SUITE 705
19                      LOS ANGELES, CA 90025
                        310-826-4700
20

21

22

23

24

25
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1                           I N D E X

2

3    *GOVERNMENT'S WITNESSES:*                    *PAGE*

4    MAUREEN MILLER

5        DIRECT BY MS. SARTORIS (RESUMED)         7

6

7

8

9

10

11   *FURTHER PROCEEDINGS*

12   DISCUSSION HELD OUTSIDE PRESENCE OF JURY    6

13   DISCUSSION HELD OUTSIDE PRESENCE OF JURY    25

14

15

16

17

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

| | E X H I B I T S | | |
|---|---|---|---|
| 1 | | | |
| 2 | TRIAL EXHIBITS | MARKED | ADMITTED |
| 3 | 655 | | 24 |
| 4 | 656 | | 24 |
| 5 | 657 | | 24 |
| 6 | 658 | | 24 |
| 7 | 659 | | 24 |
| 8 | 660 | | 24 |
| 9 | 661 | | 24 |
| 10 | 662 | | 24 |
| 11 | 664 | | 24 |
| 12 | 665 | | 24 |
| 13 | 693 | | 9 |
| 14 | 694 | | 9 |
| 15 | 697 | | 24 |
| 16 | 698 | | 24 |
| 17 | 699 | | 24 |
| 18 | 707 | | 9 |
| 19 | 711 | | 19 |
| 20 | 712 | | 9 |
| 21 | 713 | | 9 |
| 22 | 716 | | 24 |
| 23 | 717 | | 24 |
| 24 | 719 | | 24 |
| 25 | 722 | | 24 |

1                         I N D E X

2                         (CONTINUED)

3    724                                                    9

4    726                                                    15

5    732                                                    20

6    733                                                    20

7    734                                                    20

8    741                                                    20

9    743                                                    24

10   744                                                    24

11   749                                                    24

12   752                                                    24

13   757                                                    24

14   758                                                    24

15   759                                                    24

16   780                                                    24

17   781                                                    24

18   782                                                    24

19   783                                                    24

20   784                                                    24

21   785                                                    24

22   787                                                    24

23   793                                                    21

24

25

```
1              LOS ANGELES, CALIFORNIA; TUESDAY, MAY 21, 2019

2                              1:47 P.M.

3                            – – – – –

4         (The following was heard outside the presence of the

5         jury.)

6              THE COURT:  Good afternoon again.  We're back on the

7    record.  No jurors are present.

8              Any issues we need to discuss?

9              MR. SPERTUS:  No, Your Honor.

10             MS. SARTORIS:  No, Your Honor.

11             THE COURT:  Thank you.

12             The jurors will be here shortly.

13             Ms. Sartoris, if there are no objections to these

14   exhibits that you are viewing, the photographs, is there a need

15   to go through the examination in this level of detail?

16             MS. SARTORIS:  Well, Your Honor, the jury hasn't seen

17   the evidence before, and so some of these things, it's a way to

18   show the jury what it looks like and then also have them

19   satisfy in their brains that when we are talking about digital

20   devices or if a question arises like whose handwriting is that

21   on a document, they can see this item came from a desk or an

22   office that had other items belonging to the defendant.

23             THE COURT:  All right.

24        (Jury in at 1:48 p.m.)

25             THE COURT:  All right.  Thank you.
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
1              THE CLERK:  All rise.

2              THE COURT:  All right.  Please be seated.  All 15

3    jurors are present.

4              Would you please restate your name.

5              THE WITNESS:  Sure.  My name is Maureen,

6    M-a-u-r-e-e-n --

7              THE COURT:  You don't have to spell it, just say it.

8              THE WITNESS:  Okay.  Miller.

9              THE COURT:  All right.  Good afternoon, Ms. Miller.

10             Do you understand that you remain under oath?

11             THE WITNESS:  Yes.

12             THE COURT:  Ms. Sartoris, please proceed.

13             MS. SARTORIS:  Thank you, Your Honor.

14                          MAUREEN MILLER,

15                having been previously duly sworn,

16                   testified further as follows:

17                       DIRECT EXAMINATION

18                          (RESUMED)

19   BY MS. SARTORIS:

20   Q.   Sergeant Miller, right before the break, we were looking

21   at Exhibit 792.

22             Could you just generally describe the defendant's

23   bedroom.

24   A.   So the defendant's master bedroom was on the second level

25   or the second floor of the home.  It was actually a two-level
```

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

1    room, so on the first level there was the main bedroom space,

2    which included a balcony.  There was a large bathroom, a

3    walk-in closet, a staircase that led to the second level of

4    this room, and then there was also a smaller closet at the very

5    back part of this main bedroom area.

6          And then once you went upstairs, it was a large open

7    space that appeared to be used as an office.  It also had a

8    balcony.  It had a large soaking tub, a sauna, and two

9    additional closet spaces.

10   Q.   Thank you.

11         Would you look at Exhibit 693 -- I'm going to go

12   through a little bit of a list -- 713, 694, 707 --

13         THE CLERK:  Hold on.  Can you repeat that?

14         MS. SARTORIS:  Yes, of course.  693, 713, 694, 707,

15   712, and 724.

16         THE WITNESS:  Okay.

17   BY MS. SARTORIS:

18   Q.   Do you see those?

19   A.   Yes.

20   Q.   Were all of these items seized from the main area that

21   we've described in the defendant's bedroom?

22   A.   Yes, they were.

23         MS. SARTORIS:  Your Honor, I would like to move the

24   exhibits I just listed into evidence.

25         THE COURT:  Any objection to their being admitted?

```
 1              MR. HANUSZ:  Just to be clear, we're on 792; is that

 2    correct?

 3              MS. SARTORIS:  I'm sorry.  We're on -- the photo is

 4    792, but the list of exhibits that I just listed are the ones

 5    I'm moving into evidence.

 6              MR. SPERTUS:  Your Honor --

 7              MS. SARTORIS:  I can repeat it.

 8              MR. SPERTUS:  -- I'll need a moment.

 9              THE COURT:  That's fine.

10              MR. SPERTUS:  Your Honor, no objection.

11              THE COURT:  Thank you.  Exhibits 693, 694, 707, 712,

12    713, and 724 are admitted.

13         (Exhibits 693, 694, 707, 712, 713, and 724 admitted into

14         evidence.)

15              THE COURT:  Did you also move 792?

16              MS. SARTORIS:  No.

17              THE CLERK:  793 was not.

18              THE COURT:  No?  That's fine.

19              MS. SARTORIS:  Your Honor, I can repeat it.  693,

20    713, 694, 707, 712, and 724.

21              THE COURT:  Thank you.

22              That's 792.  Has that been admitted?

23              MS. SARTORIS:  Oh, I understand Your Honor's

24    question.  Yes, 792 I believe I previously moved into evidence

25    and it was admitted, the photo exhibit, yes.
```

1    BY MS. SARTORIS:

2    Q.    Special Agent Miller, could you also look at what's been

3    marked for identification as Exhibit 725.

4    A.    Okay.

5    Q.    Do you also recognize that?

6    A.    Yes.

7    Q.    And was that item seized from the master bedroom --

8    defendant's master bedroom?

9    A.    It was.

10   Q.    Now, if I could ask you to look at Exhibit 693.

11         Do you recognize what this is?

12   A.    Yes.  This is a passport with the defendant's name, Yi-Chi

13   Shih, on it and a photo of the defendant, and the date of

14   expiration is September 23rd of -- or September 22nd of 2018.

15   Q.    So are all of the pages in the passport included in this

16   exhibit?

17   A.    Yes, they are.

18   Q.    If I could ask you to look at page 7 on the screen, which

19   would be Bates page -863555.

20         Do you see that?

21   A.    Yes, I do.

22   Q.    And what is this?

23   A.    This is a Chinese visa -- or a photocopy of the page in

24   his passport for a Chinese visa with the name Yi-Chi Shih at

25   the bottom, and the dates listed are February 22nd of 2010 to

1   February 22nd of 2012.

2   Q.   So we can go through it page by page, but perhaps just to

3   speed things along, if I could ask you to look at page of this

4   exhibit -- the page 9, which has -863557 at the bottom;

5   page 16, which has -863564 at the bottom; page 17, which is

6   -863565; page 19, which has -863567; the next page, which has

7   -863568; and then page 24, which says at the bottom -863572.

8   A.   Okay.

9   Q.   Having looked at these pages, do they all show either

10  Chinese visas or residence permits of the PRC for defendant

11  Yi-Chi Shih?

12  A.   Yes, they do.

13  Q.   And do they cover a time period from February 2009 to

14  2026?

15  A.   Yes, they do.

16  Q.   If I could ask you to look at Exhibit 713.

17          What is this?

18  A.   This is a business card with a company identified as

19  Pullman Lane Productions, and the name Yi-Chi Shih on the

20  business card, and at the bottom is the email address

21  yichishih@gmail.com.

22  Q.   And Exhibit 694.

23          And what is this?

24  A.   This is another passport in the name -- in the name of

25  Yi-Chi Shih, and the date on -- the date of expiration on this

1    one is March 7th of 2009.

2    Q.    So does it cover March 1999 to March 2009?

3    A.    Yes, it does.

4    Q.    Now, again, to move things along quickly, I am going to

5    ask you to look at page 10 of this passport, which is -863599;

6    page 13, which is -863602 --

7    A.    Okay.

8    Q.    -- the next page, page 14, -863603 --

9    A.    Okay.

10   Q.    -- page 17, which is -863606 --

11   A.    Okay.

12   Q.    -- page 19, which is -863608 --

13   A.    Okay.

14   Q.    -- page 22, which is -863611 --

15   A.    Okay.

16   Q.    -- and then page 32, which is -863621.

17   A.    Okay.

18   Q.    And do these pages reflect Chinese visas for defendant

19   from 2000 to 2008?

20   A.    Yes.

21   Q.    I would ask you to look at Exhibit 707.

22   A.    Okay.

23   Q.    What is this?

24   A.    This is a Standard Charter customer receipt from Hong Kong

25   branch with the name "Shih Y."  The date on it is November 4,

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1   2016.

2   Q.   And it's a multiple-page exhibit, so do you see -- you

3   just described page 1.  If you turn to page 3, what do you see?

4   A.   Page 3 is a Standard Charter Hong Kong dollar withdrawal

5   slip, and the name on it is "Shih Y-Shih LS," and the date is

6   November 4, 2016.

7   Q.   And then page 5, which says -865997 at the bottom, what's

8   that?

9   A.   This is another Standard Charter Hong Kong dollar deposit

10  slip, and the name on this is "Shih Y-C, Shih LS-J," and the

11  date on it is November 4, 2016.

12  Q.   Can I ask you to look at Exhibit 712.

13          And what is this?

14  A.   This was a page from a notebook that was seized in the

15  master bedroom of the defendant's residence.  And if you look

16  at the top left-hand side and the top right-hand side, it

17  appears to be some notes related to financial transactions.

18          More specifically, on the left-hand side, you'll see

19  the date of 2010 -- or the year 2010.  You'll see the name

20  "Pullman" and then a "1M" after, which we interpreted to be

21  $1 million.

22          And then on the right-hand side, you'll see a date of

23  2011 and a series of companies listed, including "JYS" and

24  "Pullman Lane," and then a series of dollar amounts, "500K,"

25  "400K," "300K," and "200K," which we interpreted to mean

1    $500,000, $400,000, $300,000, and $200,000.

2    Q.    And what's the $300,000 next to?

3    A.    It's next to the letters "HK."

4    Q.    And looking at Exhibit 724, do you recognize this as one

5    of the items that was seized from defendant's bedroom?

6    A.    Yes.

7    Q.    And if I ask you to turn to the first page of that, what

8    is this?

9    A.    So the first page in the document is just the -- a

10   photograph of the outside cover of the book.  It appears to be

11   a 2012 calendar book.

12   Q.    And then if you go to the second page -- and I think it's

13   a little hard to see on the screen at the moment, but the jury

14   can look at it when they deliberate -- what does it show?

15   A.    So under the date on Monday the 28th, it appears that

16   there are written some contact information or some contact

17   names, including Deng JieRu, Chen Yaping, Yuan Yu Jing, and

18   under Tuesday the 29th is Yuan Ye.

19         And then on the right-hand side under the date

20   Thursday the 31st, there is a series of email addresses that

21   correspond to the names on the left-hand side of the page.

22   Q.    Without publishing it, Ms. Miller, I'd like you to look at

23   Exhibit 726.

24   A.    Okay.

25   Q.    Do you see that?

```
1    A.   Yes, I do.

2    Q.   Was this item seized from the bedroom in defendant's

3    residence that we've just been discussing?

4    A.   Yes, it was.

5              MS. SARTORIS:  Your Honor, I'd like to move Exhibit

6    726 into evidence.

7              THE COURT:  Any objection?

8              MR. SPERTUS:  Your Honor, no objection to admission,

9    but objection to publication based on the Court's prior order.

10             THE COURT:  All right.  The exhibit is admitted.

11        (Exhibit 726 admitted into evidence.)

12             MS. SARTORIS:  Thank you, Your Honor.  If I can just

13   confirm, I believe that the exhibit was redacted, as discussed

14   yesterday.  But if I could confirm.

15        (Counsel confer off the record.)

16             MS. SARTORIS:  Your Honor, I have -- Special Agent

17   Storino has been able to extract the portion that was not

18   subject to redactions.

19             THE COURT:  Excuse me for interrupting.

20             Could you show that to Mr. Spertus, please.

21        (Counsel confer off the record.)

22             MR. SPERTUS:  Your Honor, for expediency, we won't

23   object to publication of what's on the screen, and just --

24   we'll simply ask that the exhibit be replaced to conform with

25   our prior order.
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1          THE COURT:  Any objection to that?

2          MS. SARTORIS:  No, Your Honor.

3          THE COURT:  So ordered.  And we'll need a revised

4    copy, as well, for Ms. Keifer.

5          MS. SARTORIS:  Yes.

6          THE COURT:  Thank you.

7          MS. SARTORIS:  Yes, Your Honor.

8    BY MS. SARTORIS:

9    Q.   So, Ms. Miller, looking at Exhibit 726 -- do you have that

10   in front of you?

11   A.   Yes, I do.

12   Q.   What is this?

13   A.   This is part of a notebook that was seized from the

14   defendant's residence, the master bedroom.  And this is just a

15   page out of the notebook that seems to reflect notes on

16   embargoes and the restrictions on various items.

17   Q.   And if you turn to page 3 of the next page, which is

18   -868673 of that exhibit.

19   A.   Yeah.  This page is the same -- is the next page in this

20   notebook, and it seems to contain references for national

21   restrictions and export-controlled information.

22          MS. SARTORIS:  And, Your Honor, I don't exactly

23   remember where we left off with moving it into evidence.  The

24   government would move it into evidence, understanding the

25   redacted portion we discussed yesterday.

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
 1              THE COURT:  Correct.  The exhibit shall be admitted
 2    in the form as directed previously and to which defendant
 3    didn't object --
 4              MS. SARTORIS:  Thank you.
 5              THE COURT:  -- with new copies to be provided to the
 6    defendant and to the Court.
 7              MS. SARTORIS:  Yes, Your Honor.  Thank you.
 8    BY MS. SARTORIS:
 9    Q.   Special Agent Miller, could I ask you to look at -- back
10    to photo Exhibit 792.
11              If you can look through the exhibit and just describe
12    to the jury some of the areas where these items we just went
13    through were found.
14    A.   Sure.  If you start -- the first page of the exhibit is
15    just an overall shot of the master bedroom, the main living
16    space -- or the main living area of the master bedroom.
17              And then the next series of photographs are going to
18    be of a nightstand on the right-hand side of the bed.  I
19    believe there's two photographs of that.
20              And then there's going to be several photographs of
21    items that were also found in the master bedroom area.
22              And then if you get to page 6 of this exhibit, there
23    is photographs of the left-hand -- the nightstand on the
24    left-hand side of the bed and then photographs of items that
25    were photographed on the bed.
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
 1   Q.   And if I could ask you to look at page 10, which says

 2   -1572557.

 3            Do you recognize this?

 4   A.   Yes.  This is a photo showing the stairs that lead to the

 5   second level of this two-level room, and then it also shows an

 6   additional smaller closet space in the far back right-hand

 7   side.

 8   Q.   So if we turn to the next page of the exhibit --

 9   A.   This is just an overall photo of the smaller closet on the

10   first level of this two-level room.

11   Q.   Were any items of evidence seized from this office off --

12   the small office off the bedroom?

13   A.   Yes.

14   Q.   If I could ask you to look at Exhibit 711.

15            Do you have that in front of you?

16   A.   Yes.

17   Q.   Was this one of the items that was seized from the

18   location?

19   A.   Yes, it was.

20            MS. SARTORIS:  Your Honor, I'd ask to move Exhibit

21   711 into evidence.

22            MR. SPERTUS:  No objection.

23            THE COURT:  All right.  Thank you.  Exhibit 711 is

24   admitted.

25        (Exhibit 711 admitted into evidence.)
```

```
 1    BY MS. SARTORIS:

 2    Q.    Special Agent Miller, what is this?

 3    A.    This is a business card for a business identified as JYS

 4    Technologies.  The defendant's name, Yi-Chi Shih, is listed on

 5    it with the word "Advisor" underneath.  And you will notice the

 6    address is in Canada and the email listed is

 7    yichishih@yahoo.com.

 8    Q.    Asking you to turn your attention to photo Exhibit 793 in

 9    Binder 9(b).

10    A.    Okay.

11    Q.    What is this exhibit?

12    A.    We're at Exhibit 793, correct?

13    Q.    Yes.

14    A.    So these are photos of the staircase that leads to the

15    second level of this two-level room, and then the third page

16    shows -- it's just a picture of items in place that were seized

17    from the staircase.

18    Q.    So I think you just mentioned that there were items that

19    were seized from this location --

20    A.    Yes.

21    Q.    -- and the stairs leading to the second story of the

22    master bedroom.

23    A.    Yes.

24    Q.    Could I ask you to look at Exhibits 732, 733, 734, and

25    741.
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
 1   A.    Okay.

 2   Q.    Do you recognize these items?

 3   A.    Yes.  These were items in the stack of documents on the

 4   stairs.

 5            MS. SARTORIS:  Your Honor, I'd like to move Exhibits

 6   732, 733, 734, and 741 into evidence.

 7            THE COURT:  Any objection?

 8            MR. SPERTUS:  No objections, Your Honor.  Thank you.

 9            THE COURT:  Exhibits 732, 733, 734, and 741 are

10   admitted.

11       (Exhibits 732, 733, 734, and 741 admitted into evidence.)

12            MS. SARTORIS:  Thank you, Your Honor.

13   BY MS. SARTORIS:

14   Q.    Now, real quickly, if we could look at Exhibit 732.

15            What is this?

16   A.    This is an employment verification for the defendant,

17   Yi-Chi Shih, from Chengdu Gastone Technology.  It indicates

18   that he's been employed there since July 3rd of 2011 as

19   president, and his salary is $317,460, and that would be

20   2 million renminbi, and the date on this document is

21   January 21, 2014.

22   Q.    And turning to Exhibit 733.  We will put 733 on the

23   screen, but if you could also, at the same time, look at 734.

24   A.    Okay.

25   Q.    Just briefly, what are these two exhibits?
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1    A.   They are both quotes received from a company identified as

2    WIN Semiconductors.   They are to the attention of Mr. Ishiang

3    Hsieh and the company is listed as JYS, and the date on it is

4    March 12, 2010.

5    Q.   And if you'd turn to Exhibit 741, please -- sorry.

6    Backing up.

7         So both of those exhibits were quotes for WIN

8    Semiconductor, though different time periods?

9    A.   Yes, correct, there is different dates on the two

10   documents.

11        MS. SARTORIS:   Your Honor, I'd like to move the photo

12   Exhibit 793 into evidence.

13        THE COURT:   Any objection?

14        MR. SPERTUS:   No, Your Honor.

15        THE COURT:   All right.   793 is admitted.

16   *(Exhibit 793 admitted into evidence.)*

17   BY MS. SARTORIS:

18   Q.   So did you look at 741?

19   A.   Yes.

20   Q.   And what is it?

21   A.   This is a literature form or pamphlet from a company

22   called Triquint Foundry Services, and it's a multiple-page

23   pamphlet.

24   Q.   Okay.  I'd like to ask you to look at photo Exhibit 793 in

25   Exhibit 9B [sic], pages -- starting at page 4 of that exhibit.

```
 1              We've already been talking about it up to page 3 with
 2    the documents on the stairs, so if we go to page 4 and through
 3    the rest of the pages of the exhibit, can you describe what
 4    this -- what these reflect.
 5              Why don't you go up to page 27 of this exhibit before
 6    you get to the closet.
 7    A.    So this is a series of photographs of the second level in
 8    this two-floor room.  It appeared to be used as an office
 9    space.  It was -- you will notice there's the large soaking tub
10    I mentioned earlier, the sauna, and the two closet spaces.
11    There is a desk with a computer, a computer chair, a balcony.
12              The photos depicted are photos of digital evidence
13    that was seized, so includes computers, and there's also
14    photographs of spots where we seized physical evidence from.
15    Q.    Okay.  So you mentioned the digital evidence.
16              Do these photos reflect the location where the item
17    described on 1645 as 03A6, Sony PCVRX600, ORCO28246, was found?
18    A.    Yes.
19    Q.    And also where Item 03A7, Dell Inspiron tower, ORCO28247,
20    was seized by the FBI?
21    A.    Yes.
22    Q.    And what about 03A8, Compaq tower ORCO28248?
23    A.    Yes.
24    Q.    Now, please take a minute to look at the following
25    exhibits.  It's a little bit of a list.  Exhibits 655 to -62.
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
 1    Yes, 655 to -- yes, sorry -- to 662.  And that would be --

 2    those are in Binder 8.

 3    A.   Okay.

 4    Q.   And then also 664 to -65.  That puts us back into

 5    Binder 9.

 6    A.   Okay.

 7    Q.   697 to -99.

 8    A.   Okay.

 9    Q.   716 to -17.

10    A.   Okay.

11    Q.   719.

12    A.   Okay.

13    Q.   722.

14    A.   Okay.

15    Q.   743 to -44.

16    A.   Okay.

17    Q.   749.

18    A.   Okay.

19    Q.   787, 787A.

20    A.   Okay.

21    Q.   752.

22    A.   Okay.

23    Q.   754.

24    A.   Okay.

25    Q.   757 to -59.
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

1    A.    Okay.

2    Q.    780 to –85.

3    A.    Okay.

4    Q.    Okay.  So with the exception of 787A, were all of the

5    items that you just referred to, were they all seized from

6    the -- this loft area of defendant's master bedroom?

7    A.    Yes, they were.

8          MS. SARTORIS:  Your Honor, I would like to move all

9    of those items into evidence.

10         THE COURT:  Are you including 787A?

11         MS. SARTORIS:  Your Honor, the government would ask

12   to move that into evidence at this time.

13         MR. SPERTUS:  Your Honor, objection.  Foundation.

14   Also to 754.  Only 754 and 787A for reasons previously stated.

15   Sorry, only objections to those two documents.  Everything

16   else, no objection.

17         THE COURT:  All right.  Do you have all of those

18   numbers, Andrea?

19         I'll admit all of the mentioned exhibits and defer,

20   pending a further discussion with counsel, on 754 and 787A.

21         MS. SARTORIS:  Okay, Your Honor.

22         *(Exhibits 655 through 662, 664, 665, 697 through 699, 716,*

23         *717, 719, 722, 743, 744, 749, 752, 757 through 759, 780*

24         *through 785, and 787 admitted into evidence.)*

25         THE COURT:  Do you have any further questions for

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
1   this witness?

2             MS. SARTORIS:  I do, Your Honor, but this might be a

3   good time to break if the Court --

4             THE COURT:  What's your time estimate?

5             MS. SARTORIS:  I would expect maybe about another 20

6   minutes.

7             THE COURT:  Okay.  Ladies and gentlemen, we will

8   break here for the day and we will start tomorrow at 8:30, work

9   hard not to keep you waiting.  And please don't discuss the

10  case between now -- well, don't discuss the case at all until

11  you're deliberating.  Thank you.

12            THE CLERK:  All rise.

13       (Jury out at 2:28 p.m.)

14       (The following was heard outside the presence of the

15       jury.)

16            THE COURT:  Ms. Miller, you may step down.

17            Please be seated.

18            Let's go back to Exhibit 754.

19            Mr. Spertus or Mr. Hanusz, what --

20            MR. SPERTUS:  Mr. Hanusz will handle 754.  Thank you.

21            THE COURT:  That's fine.

22            MR. HANUSZ:  So, Your Honor, I think we were

23  restating the objection we had yesterday.  This is a bank

24  record that was not included in the Court's pretrial ruling.

25  This was also the case for 707 and 716.  I think we just wanted
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
 1    to preserve our objection.

 2              THE COURT:  That's fine.  Objections are noted and

 3    overruled for the same reasons previously stated.

 4              MR. HANUSZ:  Understood.  Thank --

 5              THE COURT:  What --

 6              MR. HANUSZ:  -- you.

 7              THE COURT:  -- about 787?

 8              MR. SPERTUS:  Your Honor --

 9              THE COURT:  All right.  Thank you.  Excuse me,

10    Mr. Hanusz.  I interrupted.  Sorry.  Thank you.

11              Mr. Spertus?

12              MR. SPERTUS:  Your Honor, counsel is referring to the

13    translation.  We object to the translation that it's

14    inaccurate, but we don't object -- if the agent wants to lay a

15    foundation for 787, which is going to be the Chinese-language

16    document she seized, we would not object.

17              THE COURT:  Are you talking about 787 or 787A?

18              MR. SPERTUS:  Our objection is to 787A.

19              THE COURT:  Just a moment.

20              MS. SARTORIS:  Your Honor, this wasn't a translation

21    that defense counsel filed an objection to.  They did object on

22    the late discovery issue yesterday that was resolved by the

23    Court, but this is the first that we're hearing that they are

24    objecting to the actual translation.

25              THE COURT:  Well, just a minute.
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
 1              MR. SPERTUS:  I understand.  So, Your Honor, I guess

 2   our -- we are going to stipulate to this translation.  It's

 3   this witness didn't seize this document.  Our objection is as

 4   to foundation.

 5              THE COURT:  The witness did not seize this document?

 6              MR. SPERTUS:  Correct.  This is a document typed by a

 7   Chinese translator.  So my only point is that I didn't

 8   understand the issue.  Apparently, Ms. Wasserman and Ms. Heinz

 9   have agreed to stipulations to some translations.

10              MS. WASSERMAN:  We haven't yet agreed, but we didn't

11   object to the accuracy of this translation, Your Honor.

12              MR. SPERTUS:  So it's still the subject of

13   discussion, and it was --

14              THE COURT:  We'll deal with this later --

15              MR. SPERTUS:  Yes.

16              THE COURT:  -- after you finish your discussions.

17   But just to be -- so I understand, was a version of 787 in a

18   language other than English seized at the residence during the

19   execution of the search warrant?

20              MR. SPERTUS:  Yes.

21              MS. SARTORIS:  No, Your Honor, not -- in a -- I'm

22   sorry.  Maybe I misunderstood your question.  In a language

23   other than English?

24              THE COURT:  Yes.

25              MS. SARTORIS:  Yes.  That's 787.  So this is the
```

1    translation of that document.  And I didn't understand there

2    was an objection to it, but it's fine if we wait until the

3    parties have an opportunity to fully discuss the matter.

4              THE COURT:  All right.  That's fine.

5              We'll resume tomorrow at 8:30.  Thank you.

6              MS. SARTORIS:  Thank you, Your Honor.

7              MR. SPERTUS:  Thank you, Your Honor.

8              THE COURT:  You need to take your materials off the

9    desks because -- yes?

10        *(The Court and clerk confer off the record.)*

11             THE COURT:  Just organize your materials, because we

12    are having another hearing.  Thank you.

13        *(Evening recess taken 2:32 p.m.)*

14                          --oOo--

15

16

17

18

19

20

21

22

23

24

25

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

```
 1

 2

 3                              CERTIFICATE

 4

 5        I hereby certify that pursuant to Section 753,

 6   Title 28, United States Code, the foregoing is a true and

 7   correct transcript of the stenographically reported

 8   proceedings held in the above-entitled matter and that the

 9   transcript page format is in conformance with the

10   regulations of the Judicial Conference of the United States.

11

12   Date: JUNE 5, 2019

13

14

15

16

17            /s/  Cindy L. Nirenberg, CSR No. 5059

18                           Official Court Reporter

19

20

21

22

23

24

25
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA